UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED RENTALS, INC. and <br> UNITED RENTALS (NORTH AMERICA), INC., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. |
| MICHAEL DEMEY, | ) <br> ) | |
| Defendant. | ) <br> ) | OCTOBER 31, 2014 |

## COMPLAINT

The plaintiffs, United Rentals, Inc., United Rentals (North America), Inc. and their affiliates (collectively "United" or "Plaintiff"), by and through United's undersigned attorneys, and for its Complaint for injunctive and other relief against the defendant, Michael Demey ("Demey" or "Defendant"), hereby state and allege the following:

**Nature of Action**

1. This action is based on the willful breach of restrictive covenants contained in a confidentiality and non-competition agreement, and sets forth claims for breach of contract.

**Parties, Jurisdiction and Venue**

2. United Rentals, Inc. and United Rentals (North America), Inc. are Delaware corporations with their principal places of business in Stamford, Connecticut. United is engaged in the business of renting and selling equipment and merchandise to the commercial and general public throughout the United States, including Pennsylvania. United rents and sells, among other things, construction equipment, power tools, aerial work platforms, scissor, aerial and boom lifts, forklifts, generators

and light trucks. United has numerous branch locations throughout North America, including branch facilities in Pennsylvania and New Jersey.

3. Upon information and belief, at all times relevant hereto, Demey was a citizen of Pennsylvania.

4. Jurisdiction over this matter arises under 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1367 (supplemental jurisdiction). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Demey contractually submitted to the exclusive jurisdiction of this Court when he agreed to the terms of his Employment Agreement ("Agreement") with United dated November 17, 2003. The Agreement provides, in relevant part, the following:

> Consent to Personal Jurisdiction. Employee hereby agrees that the interpretation and enforcement of the provisions of this Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut or the federal courts in the District of Connecticut and Employee hereby consents that such courts be granted exclusive jurisdiction for such purpose.

The claims contained in this Complaint arise out of the terms of the Agreement.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a)(2) & (a)(3) because the intellectual property that is involved in this action is derived from and/or maintained in this district and because Demey contractually submitted to the exclusive jurisdiction of this Court when he agreed to the terms of the Agreement.

**General Allegations**

7. Demey, a former employee of United, submitted his resignation on or about October 24, 2014. Demey had several roles during the course of his employment with United. At the time of his resignation, he was an outside sales representative.

8. During his time at United, Demey had controlled access to certain of United's trade secrets and other confidential information, which are shared with employees only as necessary, and only to those who agree to keep such information confidential.

9. United's trade secrets and confidential information are not known or open to the public, and United undertook reasonable measures to keep such information confidential and out of the public domain.

10. Much of United's confidential information is contained on United's RentalMan/WYNNE computer system and/or other customer relationship management tools, access to which is password protected and limited to authorized employees. Moreover, United's employees are responsible for updating and documenting certain confidential information obtained during the course of their employment in United's protected computer system and/or on laptops or related devices.

11. None of United's trade secrets and information was known or open to the public and United undertook reasonable measures to keep such information confidential and out of the public domain.

**Demey's Agreement**

12. United and Demey are parties to the Agreement.

13. The Agreement contains various proscriptions against disclosing or improperly using United's confidential information.

14. The Agreement contains the following provisions, to which Demey agreed, which outline and define "Confidential information":

(f) Confidential information includes, but is not limited to:

3

     (i)    business, pricing and management methods;

     (ii)    finances, strategies, systems, research, surveys, plans, reports, recommendations and conclusions;

     (iii)    names of, arrangements with, or other information relating to, the Company's customers, equipment suppliers, manufacturers, financiers, owners or operators, representatives and other persons who have business relationships with the Company or who are prospects for business relationships with the Company;

     (iv)    technical information, work product and know-how;

     (v)    cost, operating, and other management information systems, and other software and programming; and

     (vi)    the name of any company or business, all or any substantial part of which is or at any time was a candidate for potential acquisition by the Company, together with all analyses and other information which the Company has generated, compiled or otherwise obtained with respect to such candidate, business or potential acquisition, or with respect to the potential effect of such acquisition on the Company's business, assets, financial results or prospects.

15. Under the Agreement, Demey further committed that both during and after his employment with United:

     (a)    [Demey] will not disclose to any person or entity, without [United's] prior consent, any confidential or secret information, whether prepared by [Demey] or others;

     (b)    [Demey] will not directly or indirectly use any such information other than as directed by [United] in writing;

     (d)    [Demey] will not, except in the furtherance of the business of [United], remove confidential or secret information from the premises of [United] without the prior written consent of [United].

16. The Agreement also contains a restrictive covenant, which restricts Demey from competing directly or indirectly with United, for 12 months, anywhere within the limited area of a 100 mile radius of "any and all Company locations in which

[Demey] performed services for, or had management responsibilities for, at any time during the 24 month period preceding the termination of [his] employment with the Company."

17. In the Agreement, Demey further agreed not to directly or indirectly (whether through affiliates, relatives or otherwise):

> [2(a)](ii)  solicit or accept the business of, or call upon, any person or entity, who or which is or was (A) a customer . . . with the Company. . . at any time during the period of [Demey's] employment, or (B) an affiliate of any such person.

**Breach by Demey**

18. On or about October 24, 2014, at the time of his resignation, Demey advised United that he was resigning and accepting employment with Reading Tractor and Equipment Company ("Reading").

19. Despite United's attempts to convince Demey to stay with United, and United advising Demey that his employment with Reading would be a violation of his Agreement, Demey left United on October 29, 2014, to accept employment with Reading, a competitor of United.

20. Reading is located in Leesport, Pennsylvania, which is within the Restricted Area. Upon information and belief, Reading is affiliated with another competitor, Lift, Inc.

21. Upon information and belief, Demey will perform service for Reading that are substantially similar to those he performed for United, and therefore that Demey will inevitably use the valuable confidential information and/or trade secrets of United and/or provide same to Reading.

22. Demey committed the acts alleged herein with knowledge that his conduct would harm the financial interest of United.

23. Demey committed the acts alleged herein for his own benefit and/or the benefit of Reading.

**COUNT I – Breach of the Agreement**

24. United realleges and reincorporates herein by reference the allegations set forth in Paragraphs 1 through 23 above as though fully set forth herein.

25. United and Demey exchanged valuable consideration in support of the Agreement.

26. United duly performed all of its obligations pursuant to the Agreement.

27. United is informed and believes that Demey has breached the Agreement by, among other things:

    a. Competing in the Restricted Area in violation of 2(a)(i) of the Agreement;

    b. Soliciting the business of, or calling up, the Customer in violation of 2(a)(ii) of the Agreement; and/or

    c. Inevitably using and/or disclosing United's Trade Secrets and/or Confidential Information in violation of Section 1 of the Agreement.

28. Demey's conduct further constitutes a material breach of the implied covenant of good faith and fair dealing.

29. As a proximate result of Demey's wrongful conduct, United has suffered and will continue to suffer irreparable harm and money damages.

30. As a result of the foregoing activities, Demey is liable to United for breach of contract. United has suffered, and will continue to suffer, substantial and irreparable damages to its business and customer good will, as well as losses in an amount in excess of $75,000.00, but not yet fully ascertained, and which will be further determined according to proof.

31. United has no adequate remedy at law for Demey's willful breach of the Agreement and restrictive covenants set forth or incorporated therein, in that: (i) United's trade secrets are unique and valuable property that have no readily determinable market value; (ii) the Defendant's actions constitute interference with United's goodwill and customer relations; (iii) the Defendant's wrongful conduct and the damage resulting therefrom is continuing; and (iv) Defendant acknowledged in writing that a breach of the Agreement would constitute irreparable harm to United.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff **UNITED** respectfully requests judgment in its favor and against Defendant **MICHAEL DEMEY** as follows:

1. That Defendant breached the Agreement with United and the restrictive covenants contained therein.

2. That the Court enter an Order, preliminarily and permanently enjoining Defendant, **MICHAEL DEMEY**, pursuant to the terms of the Agreement from:

> Engaging in any conduct that would violate the terms of the Agreement, including, but not limited to: competing with United in the Restricted Area; soliciting or calling upon United's customers (including the Customer); and/or using or disclosing United's trade secrets and/or Confidential information;

3. That the Court award United compensatory damages arising out of Defendant's unlawful conduct alleged herein.

4. That the Court award United its attorneys' fees.

5. That the Court award United expenses and costs.

6. That the Court grant United such additional relief as is just and proper, including, but not limited to the imposition of a constructive trust and disgorgement of profits.

Dated this 31st day of October, 2014.

        THE PLAINTIFFS
        UNITED RENTALS, INC.
        UNITED RENTALS (NORTH AMERICA), INC.

By: _____/s/_____
   Brian C. Roche  -  ct 17975
   Gerald C. Pia, Jr. – ct 21296
   Roche Pia, LLC
   Two Corporate Drive, Suite 248
   Shelton, CT 06484
   Phone: (203) 944-0235;
   Fax: (203) 567-8033
   E-mail: broche@rochepia.com
           gpia@rochepia.com