UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED RENTALS, INC. and )<br>UNITED RENTALS (NORTH AMERICA), INC., )<br>)<br>Plaintiffs, )<br>)<br>v.                                                           )<br>)<br>MICHAEL DEMEY,                                     )<br>)<br>Defendant.                               )<br>_____)  | CIVIL ACTION NO.<br>3:14CV1624(WWE)<br><br><br>December 23, 2014 |

MOTION FOR WAIVER OF SECURITY OR BOND

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the plaintiffs, United Rentals, Inc. and United Rentals (North America), Inc. (collectively, "United" or "Plaintiff"), hereby move for a waiver of security with respect to its request for injunctive relief against the named defendant, Michael Demey ("Defendant"), in this action.

It is within the District Court's discretion to decide that, under the circumstances, no security is required.  *See, e.g., Corning Inc. v. PicVue Elecs., Ltd.*, 365 F3d 156, 158 (2d Cir. 2004).  Additionally, the requirement of a bond may be waived.  *See generally Little Earth of United Tribes, Inc. v. United States Dep't of Housing & Urban Dev*. 584 F. Supp. 1301, 1303 (D. Minn. 1983) ("[a]lthough a bond is usually required under [Rule 65(c)], the amount of such bond is within the discretion of the trial court, … and the bond may be waived in a proper case") (citations omitted); *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp*. 270 F. Supp. 2d 1205, 1216 (D. Col. 2003), *rev'd, in part, on other grounds*, 356 F.3d 1256 (10th Cir. 2004) (defendant's "clear *ex ante* agreement that injunctive relief should be available to either party to enforce the exclusivity and other provisions of the Agreement without the need for a bond clearly

allocated the risk of loss from an improvidently granted injunction to the party enjoined," and, "[g]iven this agreement, [defendant] is estopped from shifting the risk of loss back to [plaintiff]"; accordingly, court set bond amount at $0). *Cf. Aoude v Mobil Oil Corp.*, 862 F.2d 890, 895-96 (1st Cir. 1988) (bond not required when not requested by defendant; posting of bond is not jurisdictional prerequisite to validity of preliminary injunction).

In this case, United would note that it is a financially sound organization and is fully capable of paying any damages in the event that it is later determined that Defendant has been wrongfully enjoined or restrained. Moreover, Defendant waived any right to a bond when he agreed that United would not have to provide security in order to seek or obtain injunctive relief, and thus is estopped from attempting to shift the risks of loss back to United. *See Agreement at Section 2(f)* (recognizing parties' agreement that an injunction may be issued without bond). Based on the foregoing, United respectfully submits that security is unnecessary and unwarranted under the circumstances of this case.

WHEREFORE, United requests that this Motion for Waiver of Bond be GRANTED.

> THE PLAINTIFFS
> UNITED RENTALS, INC.
> UNITED RENTALS (NORTH AMERICA), INC.
>
> By: _____/s/_____
> Brian C. Roche – ct 17975
> Gerald C. Pia – ct 21296
> Roche Pia LLC
> Two Corporate Drive, Suite 248
> Shelton, Connecticut 06484
> 203.944.0235
> Facsimile: 203.567.8033
> broche@rochepia.com
> gpia@rochepia.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on today's date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A courtesy copy was sent to Defendant at the address where he was served.

> _____/s/_____
> Gerald C. Pia, Jr.
> Brian C. Roche