IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED RENTALS, INC. and | ) | CIVIL ACTION NO. 3:14-cv-1624(WWE) |
| UNITED RENTALS (NORTH | ) | |
| AMERICA), INC., | ) | |
|   Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL DEMEY, | ) | |
|   Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant in the above-captioned action files this Memorandum of Law in Support of his Motion to Dismiss. In support of the Motion to Dismiss, Defendant states the following:

**STATEMENT OF FACTS**

This action arises from a claim by Plaintiffs United Rentals, Inc., and United Rentals (North America), Inc., (collectively "Plaintiffs" or "United Rentals") arising out of an alleged contract dated November 17, 2003, containing various restrictive covenants, including confidentiality, nonsolicitation, and noncompetition provisions.  See, Complaint (ECF No. 1), at paragraphs 5, 14, 15, 16, 17, & 27.  As alleged in the Complaint, Defendant was most recently an outside sales representative for Plaintiffs until his October 24, 2014, resignation.  See, id. at paragraph 7.  During his employment, Defendant allegedly had access to certain of Plaintiffs' trade secrets and other confidential information, the nature of which are unspecified.  See, id. at paragraph 8.  Subsequent to the termination of his employment with Plaintiffs, Defendant accepted employment with Reading Tractor and Equipment Company, an affiliate of Lift, Inc.

See, id. at paragraphs 18 & 20.  The remainder of the Complaint consists of vague conclusory allegations made "upon information and belief" that Defendant will perform substantially similar services, disclose confidential information, compete in the Restricted Area, and solicit Plaintiffs' customers.  See, id. at paragraphs 21 & 27. Plaintiffs thereupon claim damages in excess of $75,000, the nature and calculation of which are unspecified.  See, id. at paragraph 30.  Nothing in these alleged facts gives rise to a cognizable claim.

## **STANDARD OF REVIEW**

Plaintiff has the burden of establishing subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. As set forth below, Plaintiff cannot prove subject matter jurisdiction.

In defending against a motion to dismiss for improper venue, plaintiffs bear the burden of proving that venue is proper. See, Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001). "The same standard of review is applied to a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) as is applied to dismissals for lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2)." Marcus v. Am. Contract Bridge League, 562 F. Supp. 2d 360, 362-63 (D. Conn. 2008) (citing

Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005)). When deciding

a motion to dismiss for improper venue, courts may consider materials outside the

pleadings. See, e.g., New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.3d

24, 26 (2d Cir. 1997).  As set forth below, Connecticut is an improper venue.


In considering a motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6), the Court must "assess the legal feasibility of a complaint" without

consideration of the ultimate evidence a counterclaim plaintiff might proffer.

See,  Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774,

779 (2d Cir. 1984).  In determining whether a plaintiff might have a plausible and valid

claim for relief, the Court must consider the material facts alleged, accept them as true,

and draw reasonable inferences in the favor of the non-moving party.   See, Ashcroft

v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Under Twombly, in considering

those material factual allegations, to meet the pleading requirement of Fed.R.Civ.P. 8,

the "[f]actual allegations must be enough to raise a right to relief above the speculative

level," and assert a cause of action with enough heft to show entitlement to relief and

"enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555,

570; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations.").  Plaintiff

cannot assert a viable cause of action because of want of formation, breach, and

damages.

## ARGUMENT

### I.    This Court Lacks Subject Matter Jurisdiction over the Dispute

As set forth above, the Plaintiff cannot meet its burden of proof as to subject matter jurisdiction.  "Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Diversity jurisdiction exists only where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)." (internal citation omitted) Susan Mueller v. Towers, Perrin, Forster & Crosby, Inc., 2010 U.S. Dist. LEXIS 113320 (D. Conn. Oct. 25, 2010)(Eginton, U.S.D.J.).  Although Plaintiff claims the amount in controversy exceeds $75,000 (Complaint, paragraph 4), such is unsupported.

" A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citing Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir. 1975)). "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of  the actual amount in controversy.'" Scherer v. Equitable Life Assur. Soc., 347 F.3d 394, 397 (2d Cir. 2003) (quoting Wolde-Meskel v. Vocational instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999)). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional amount." Id. (quoting Wolde-Meskel, 166 F.3d at 63). This requires the opposing party to show that "[t]he legal impossibility of recovery . . . [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." Id.

(quoting <u>Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago</u>, 93 F.3d 1064, 1070-71 (2d Cir. 1996)).

Plaintiff is well aware of its burdens, but it cannot show that the claim of the jurisdictional amount is legally possible. In prior litigation involving this Plaintiff, <u>United Rentals, Inc. v. Frey</u>, 2012 U.S. Dist. LEXIS 40009 (D. Conn. Mar. 21, 2012), this Court wrote:

> Under the law of Connecticut, "[t]he proper measure of damages for breach of a covenant not to compete is the nonbreaching party's losses rather the breaching party's gains." <u>Robert S. Weiss & Associates, Inc.</u>, [v. Wiederlight,] 208 Conn. [525,] 542 [(1988)] (citations omitted). In <u>Robert S. Weiss & Associates, Inc.</u>, the Connecticut Supreme Court denied the plaintiff's effort to establish lost profits by simply referencing the fact that the defendant sold commercial insurance in the restricted area during the covenant's operation. <u>Id</u>. "To permit the plaintiff to recover damages merely by proving that the defendant breached the covenant, however, would ignore the well established rule that damages are essential to the plaintiff's proof and must be shown with reasonable clarity." <u>Id</u>. at 542-43 (citations omitted).

Plaintiff has not pleaded reasonably clear damages. It is Plaintiff's burden to show that it is reasonably likely to lose at least $75,000 based on Mr. Demey's current employment. In paragraph 21 of its Complaint, Plaintiff merely pleads that Defendant "will" compete and use confidential information. In paragraph 30, Plaintiff pleads that it "has suffered, and will continue to suffer" damages in excess of the jurisdictional amounts. Yet, it points to not a single sale or customer it has lost or will lose on account of Defendant's activities. Similarly, per the affidavit of Roger Barr (ECF No. 11), there is no evidence of actual competitive activity causing harm. In paragraph 9 of the affidavit, Mr. Barr claims that Mr. Demey has been "allowed" to "perform competing functions/services" without claim of specific lost sales, past or future, or that he actually performs such competing functions/services. In paragraph 10, Mr. Barr does not assert that Mr. Demey has used trade secrets or confidential information, but on that he "will

inevitably use the valuable confidential materials", without any direction to concrete losses (let alone assert a foundation for this knowledge beyond mere speculation). Finally, in paragraph 11, Mr. Barr only claims that the alleged conduct "has damaged, will damage, and/or threatens to damage", without pointing to a single instance of a lost sale caused by Mr. Demey's current employment. Absent any evidence of possible lost sales directly attributable to Mr. Demey, it is legally impossible for Plaintiff to recover the jurisdictional amount. Thus, there is no jurisdiction under 28 U.S.C. sec. 1332. And, although Plaintiff pleaded supplemental jurisdiction under 28 U.S.C. sec. 1367, there is no claim over which the Court had original jurisdiction. See In re Joint Eastern and Southern Dist. Asbestos Litig., 14 F.3d 726, 730 n.2 (2d Cir. 1993) ("The court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims."). Therefore, the matter must be dismissed for want of subject matter jurisdiction.

## II.    Venue in Connecticut is Improper

Connecticut is an improper forum and dismissal is warranted.[1] "28 U.S.C. § 1391(b)(2) sets forth that venue in a case brought pursuant to diversity jurisdiction should be a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The district court must determine (1) the nature of the claims and the acts or omissions giving rise to those claims, and (2) whether a substantial part of those claims occurred in the district in question." Garnet Analytics, Inc. v. Diversified Solutions, Inc., 2012 U.S. Dist. LEXIS 166301, 10-11 (D. Conn. Nov. 22, 2012)(Eginton,

---

[1] Although Plaintiff cites to 28 U.S.C. sec. 1391(a)(2) & (3), it appears Plaintiff intended sec. 1391(b)(2) & (3).

U.S.D.J.) citing  Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 432

(2d Cir. 2005).  Although Plaintiff claims that "the intellectual property that is involved in

this action is derived from and/or maintained in this district", such claim lacks substance.

The intellectual property that would be at issue is that which Defendant, who is in

Pennsylvania, allegedly possesses, not the source material in Connecticut.  The

allegedly competitive activity and Defendant's past and current employment are all in

Pennsylvania.  See, e.g., Complaint at paragraph 20, 21 & 27(a).  As no part of

Plaintiff's claims occurred in Connecticut, it is an improper forum under Section

1391(b)(2).

Venue is also improper under Section 1391(b)(3).  Plaintiff claims that Defendant

agreed to Connecticut as a proper venue.  See, Complaint at paragraphs 5 & 6.

"[F]orum selection clauses raise issues of contractual agreement and are enforced

unless fundamentally unfair."  Bricken v. Bergtholdt, 2012 U.S. Dist. LEXIS 100352, 6-7

(D. Conn. July 19, 2012)(Eginton, U.S.D.J.).  Overreaching may invalidate a forum

selection clause.  See, Phillips v. Audio Active, Ltd., 494 F.3d 378, 384 (2d Cir. N.Y.

2007); see also, James v. Interactive Holdings, Inc., 2010 U.S. Dist. LEXIS 138041, 2-3

(D. Conn. Dec. 27, 2010)(Eginton, U.S.D.J.).  "[O]verreaching may be found if the

disparity in bargaining power was used to take unfair advantage of the employee."

United Rentals, Inc. v. Pruett, 296 F. Supp. 2d 220, 227 (D. Conn. 2003).  In Pruett, the

instant Plaintiff survived a motion to dismiss because it was able to distinguish cases in

which the employee had worked for the company for months or years and the employee

had no choice.  See, id. citing Dentsply International, Inc. v. Benton, 965 F. Supp. 574

(M.D. Penn. 1997) and  Jelcich v. Warner Bros, Inc., 1996 U.S. Dist. LEXIS 5709, 1996

WL 209973, *2 (S.D.N.Y. Apr. 30, 1996) Here, Mr. Demey began his employment with Plaintiff in 1999, four years before being forced to sign the agreement.  Compare, Exhibit A, Declaration of Michael Demey, with Complaint, paragraph 5.  Mr. Demey was not given any chance to consider the agreement and it was presented to him under threat of losing his job.  See, Exhibit A.  Similarly, unlike the defendant in United Rentals, Inc. v. Faulk, 2011 U.S. Dist. LEXIS 65806 (D. Conn. June 21, 2011), Mr. Demey did not have a 45 day review/7 day rescind period.  See, Exhibit A.  His circumstance was far more akin to the Jelcich matter in which both the Pruett and Faulk courts agreed constituting overreaching.  As with Ms. Jelcich, Defendant worked for the employer for years before being presented with the agreement, was instructed to sign, had no opportunity to negotiate, and had not even noticed the forum selection clause.[2] See, Exhibit A.  Thus, the forum selection clause is unenforceable and the matter should be dismissed for improper venue.

### III.    The Complaint Fails to State a Claim

Notwithstanding want of subject matter jurisdiction and improper venue, Plaintiff has no valid claim.  The Plaintiff, in its Complaint, styles the single count "Breach of the Agreement", which is a claim for breach of contract.  Under Connecticut law, the elements of a breach of contract claim are "[(1)] the formation of an agreement, [(2)] performance by one party, [(3)] breach of the agreement by the other party and [(4)]

---

[2] The clause at issue also includes a consent to personal jurisdiction, which similarly is invalid.  However, Defendant recognizes that under current Second Circuit precedent, MacDermid, Inc. v. Deiter, 702 F.3d 725, 730-731 (2d Cir. 2012), Defendant's use of Plaintiff's Connecticut-based computer system may give rise to personal jurisdiction.  In the event it is discovered that the computer system does not reside in Connecticut, Defendant reserves the right to challenge this Court's personal jurisdiction.

damages." <u>FCM Group, Inc. v. Miller</u>, 300 Conn. 774, 798 (2011) (internal quotations and citations omitted).  Plaintiff has failed to properly plead elements 1, 3 and 4.  Thus, the matter should be dismissed.

First, no valid contract was formed.  "A covenant that restricts the activities of an employee following the termination of his employment is valid and enforceable if the restraint is reasonable." <u>New Haven Tobacco Co. v. Perrelli</u>, 18 Conn. App. 531, 533 (1989). In determining whether a covenant is reasonable, the court considers: "(1) the length of time the restriction operates; (2) the geographical area covered; (3) the fairness of the protection accorded to the employer; (4) the extent of the restraint on the employee's opportunity to pursue his occupation; and (5) the extent of interference with the public's interests." <u>Robert S. Weiss & Associates, Inc. v. Wiederlight</u>, 208 Conn. 525, 529 n. 2 (1988). This test is "disjunctive, rather than conjunctive; a finding of unreasonableness in any one criteria is enough to render the covenant unenforceable." <u>New Haven Tobacco Co.,</u> 18 Conn. App. at 534.  As set forth in paragraph 16 of the Complaint, the alleged agreement would prohibit Mr. Demey from working within a 100 mile radius of certain company locations.  Plaintiff has "numerous" such locations in Pennsylvania and New Jersey, as well as Connecticut.  See, Complaint, paragraphs 2 & 6.  In effect, it could preclude Mr. Demey from working from Springfield, Massachusetts, to Washington, D.C., encompassing the entirety of Connecticut, New Jersey, Delaware and Maryland, and parts of Massachusetts, New York, and Virginia.  Given this extreme geographic area, the contract is invalid and unenforceable, thus no agreement was formed.

Second, there is no specific allegation of breach.  The Second Circuit has reviewed certain allegations that would not pass muster under Iqbal.  In Bigio v. Coca-Cola Co., 675 F.3d 163, 173-174 (2d Cir. 2012), the Court of Appeals held:

> Many of the assertions in the Amended Complaint regarding aiding and abetting fall into this category. Thus, Plaintiffs allege that "at all times since 1994 Coca-Cola . . .  exercised control of [CCE's] operations," Am. Cmplt. at ¶ 37; that "Defendants conspired with and aided and abetted their subsidiaries and affiliates . . . and other entities with which they acted in concert . . . in the Unlawful Taking and Exclusion of the Plaintiffs, Trespass, and Conversion . . . in order to benefit the Defendants and with knowledge of the commission of these unlawful acts," Am. Cmplt. at ¶ 56; and that "Defendants knowingly and substantially assisted the principal violations committed by their subsidiaries, affiliates, and co-conspirators," Am. Cmplt. at ¶ 60. These are just the sort of "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements," Iqbal, 129 S. Ct. at 1949, that do not suffice to state a claim.

As in Bigio, the Plaintiff has only made threadbare recitals.  As noted above, the Complaint does not actually claim that Mr. Demey competed with Plaintiff.  Paragraph 21 only claims "upon information and belief" that he will perform similar services and that, per Paragraph 27(a), he is "competing" in the restricted area.  Plaintiff does not allege that his employment with Reading Tractor and Equipment Company is competitive, only that it is affiliated with a competitor, Lift, Inc.  See, Complaint, paragraphs 18 & 20.  Contrast, NetCracker Tech. Solutions, Inc. v. Nowak, 2013 U.S. Dist. LEXIS 121065 (S.D. Ohio Aug. 26, 2013) (pleading similar titles and direct competitive nature of employers made for plausible claim).  Plaintiff has not pleading even the vague factual allegations that were liberally permitted in NetCracker.  Merely rehashing contractual requirements, but alleging no particular facts sufficient to raise a plausible inference of a contractual violation is inadequate.  Compare, DeJesus v. HF Mgmt. Servs., 726 F.3d 85, 89 (2d Cir. N.Y. 2013)(upholding dismissal of overtime claim

based on threadbare recitations that "failed to cross the line between the conclusory and the factual").

Finally, and as discussed above, there are no proper allegations of damages. There is only speculation that damages have occurred.  However, in Connecticut, one must claim actual competitive losses.  See, <u>Robert S. Weiss & Associates, Inc</u>., 208 Conn. at 542.  Plaintiff has not pleaded a single lost or potentially lost customer or sale. Thus, for want of sufficient pleading of breach and damages, the matter must be dismissed.

## <u>Conclusion</u>

As set forth above, Plaintiff cannot demonstrate that damages exceed $75,000, depriving this Court of subject matter jurisdiction.  Further, Connecticut is an improper venue, notwithstanding the overreaching forum selection clause.  Finally, and most important, the Complaint fails to state a claim for breach of an invalid agreement, without claim of actual breach or damages.  In light of the foregoing, the matter should be dismissed with prejudice.

Respectfully submitted,
THE DEFENDANT

Date:  January 6, 2015

By: <u>/s/ Jay M. Wolman</u>
Jay M. Wolman ct29129
Raymond Law Group LLC
90 National Drive, Suite 3
Glastonbury, CT 06033
P: 860-633-0580
F: 860-633-0438
<u>wolman@raymondlawgroup.com</u>
His Attorneys.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the court's CM/ECF System.

Date:  January 9, 2015                                    <u>/s/ Jay M. Wolman</u>
                                                           Jay M. Wolman